IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Raymond Douthit,            )
                            )
        Petitioner,         )   Case No. 1:00-CR-90(2)
                            )             1:04-CV-431
    vs.                     )
                            )
United States of America,   )
                            )
        Respondent.         )

Memorandum and Order

This matter is before the Court upon Petitioner Douthit's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence on the ground that defense counsel was ineffective at trial in that he failed to object to three types of testimony in violation of Plaintiff's Sixth Amendment right. Petitioner asserts that his counsel's failure prejudiced the outcome of his trial and that he is entitled to relief from the judgment imposed by this Court on that basis.

In February 2001, a federal jury convicted Petitioner of three counts: conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base and in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A); and traveling in interstate commerce to facilitate a narcotics transaction, in violation of 18 U.S.C. § 1952. In July 2001, this Court

sentenced Petitioner to 292 months in prison on each of the first two counts and 60 months in prison on the third count, all to run concurrently.

In June 2003, the Court of Appeals remanded this matter for resentencing on the basis of its conclusion that the evidence did not support the inclusion of powder cocaine in the calculation of the quantity of controlled substance for purposes of determining Petitioner's sentence under the United States Sentencing Guidelines. On remand, this Court reduced Petitioner's sentence on each of the first two counts to 240 months. Nine months later, Petitioner filed the present motion.

The basis for Petitioner's request for relief under § 2255 is his assertion that his counsel failed, on three occasions, to interpose objections to testimony that, while irrelevant to the charges against him and not probative of guilt or innocence, had the effect of increasing the likelihood that the jury would view Petitioner as involved in the illegal drug trade. Petitioner contends that the introduction of that testimony likely prejudiced the outcome of his trial and that his counsel's failure to object constituted ineffective representation in violation of the Sixth Amendment's guarantee of a fair trial.

The testimony upon which Petitioner bases his claim includes an alleged reference to his possession of a small

quantity of marijuana.  The portions of the trial transcript to which Petitioner cites in support of his first basis for his claim do not include testimony to the effect that Petitioner possessed marijuana, however.  Those portions include references to marijuana being found in the house where Petitioner lived in a search conducted some 11 days after the events that led to his arrest.  They also include testimony by a neighbor of that residence that she had seen unidentified men bagging marijuana in the yard.  None of the witnesses testified that marijuana was found on Petitioner's person, and the evidence at trial made clear that many people in addition to Petitioner had access to the house in which he lived.

Petitioner observes that none of the offenses with which he was charged involved marijuana and that, accordingly, his possession of marijuana was not probative and had the effect of prejudicing the outcome by permitting the jury to believe that Petitioner was a marijuana user.  Petitioner's counsel did not object to the testimony.

The second bit of testimony upon which Petitioner bases his claim is a reference by coconspirator Starrett Palmer to another alleged drug trafficker, Rico Porter, as Petitioner's best friend.  Petitioner's defense counsel did not object to the reference to Mr. Porter as Petitioner's best friend, and Petitioner contends that the jury was likely led to believe that

3

he had a close association with a drug trafficker as a result of the reference. The Court observes that Mr. Palmer later testified that Rico Porter had helped him and Petitioner with the weighing and dividing of drugs after buying trips preceding the one that led to the arrest of Petitioner and Mr. Palmer.

Petitioner bases his ineffective assistance of counsel claim upon one other alleged error by his trial counsel. Starrett Palmer referred to a man named "Ed," who, he stated, was a drug courier who was arrested with drugs while working for Petitioner. Petitioner argues that the fact that he was connected to a second drug courier increased the likelihood that the jury would conclude that he was involved in drug trafficking. The alleged relationship with "Ed" was, therefore, prejudicial. Because it was not relevant to the charges against him, he argues, it was not probative, and effective counsel would have objected.

To prevail on his claim, Petitioner must meet the well-known standard that (1) his "counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004)(citing Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)), cert. denied, ___ U.S. ___, 125 S.Ct. 987 (2005). "The objective

4

standard of reasonableness is a highly deferential one and includes a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Mason v. Mitchell, 320 F.3d 604, 616-17 (6th Cir. 2003). The Supreme Court has defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694 (1984). The Strickland court further stated that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." id. at 686.

To satisfy the first Strickland requirement, Petitioner must establish that his counsel's performance "'fell below an objective standard of reasonableness' as measured by 'prevailing professional norms.'" Tinsley v. Million, 399 F.3d 796, 802 (6th Cir. 2005)(quoting Strickland, 466 U.S. at 687-88). A failure to object to the introduction of testimony does not fall below an objective standard of reasonableness unless the testimony actually had the effect or the likely effect of depriving Petitioner of a fair trial. See Anderson v. United States, 246 F. Supp.2d 758, 762 (E.D. Mich. 2003)(cited with approval in Reed v. United States, No. 03-1556, 2005 WL 1312270, *4 (6th Cir. May 13, 2005)).

5

Petitioner's claim fails to the extent that it is based upon references to marijuana found in or around his residence. As the Court has observed, Petitioner argues in his motion that the testimony in question pertained to his possession of marijuana. None of the cited testimony relates to actual possession by Petitioner, however. Indeed, the evidence at trial, considered as a whole, made quite clear the fact that numerous persons, identified and unidentified, were present in and around the residence at various times. Some, other than Petitioner, were stated to have been seen working with marijuana or a marijuana-like substance. None of the witnesses mentioned marijuana use or possession by Petitioner. In short, nothing about the evidence in question unduly prejudiced the outcome of the trial by increasing the likelihood that the jury would perceive Petitioner as a drug user.

Because the evidence in question did not increase the likelihood that the jury would perceive Petitioner as a drug user, it was not objectionable on the basis asserted by Petitioner in support of his § 2255 motion: Rule 404(b) of the Federal Rules of Evidence, which prohibits the admission of evidence of other crimes, wrongs, or acts for the purpose of proving the character of a defendant in order to prove action in conformity therewith. The evidence in question was not of other crimes, wrongs, or acts by Petitioner. It was not subject to

exclusion under Rule 404(b), and Petitioner's counsel did not err by failing to object to the evidence in question on that basis.

Petitioner cannot, therefore, establish that his trial counsel's performance was deficient on the basis of his failure to object to the references to marijuana by various witnesses. Counsel could not successfully have objected to the evidence in question under Rule 404(b). Even had the evidence been technically objectionable under Rule 404(b), its admission was harmless inasmuch as Petitioner's connection to the marijuana to which the witnesses referred was so tenuous that no reasonable juror would have concluded that the marijuana was intended for Petitioner's personal use. Because the evidence was harmless, counsel's failure to object was also harmless and cannot be the basis for relief under § 2255. See Anderson, 246 F. Supp.2d at 762 (cited with approval in Reed, supra).

Equally unavailing is the second basis for Petitioner's ineffective assistance of counsel claim. He asserts that his counsel erred by failing to object to Starrett Palmer's reference to Rico Porter as Petitioner's best friend. Petitioner contends that the statement that the two were best friends had the likely effect of prejudicing the outcome of his trial by permitting the jury to conclude that Petitioner was best friends with a drug dealer.

7

The Court first notes that Mr. Palmer did, indeed, refer to Rico Porter as both a drug dealer and Petitioner's best friend. He did so upon questioning about the contents of his date and phone book in which he had listed numerous persons and their phone numbers. When the questioning turned to the entry for Rico Porter, Mr. Palmer identified him as a "dealer" and Petitioner's best friend. At the time, the testimony was not relevant to the charges against Petitioner. Petitioner's counsel did not object.

The Court observes, however, that a short time later, Mr. Palmer testified concerning the manner in which he and Petitioner had handled drugs after past transactions. He testified that they would go to Mr. Palmer's house and Petitioner would call Rico Porter, who would meet them and help Petitioner divide and weigh the drugs. At that point, Petitioner could no longer have objected that testimony concerning Rico Porter was strictly irrelevant. Indeed, Mr. Porter's existence, his involvement in drug-trafficking or related activities, and the fact that he had some relationship with Petitioner had all been introduced to the jury in the context of relevant evidence, probative of Petitioner's involvement with the witness in a drug-trafficking conspiracy. Counsel's failure to object to the earlier reference to Rico Porter, to the extent that it was not harmless at the time, was rendered harmless by the later

8

testimony. Petitioner cannot, therefore, prove a Sixth Amendment violation on the basis of that failure. See Strickland, 466 U.S. at 686.

The Court's discussion is academic in any event, inasmuch as Petitioner does not assert as error counsel's failure to object to the reference to Rico Porter as irrelevant. Rather, Petitioner contends that the testimony was hearsay. Hearsay is defined in Rule 801(c) of the Federal Rules of Evidence as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Nothing about the statement to which Petitioner contends his counsel should have objected identifies it as hearsay. The only identifiable declarant is Starrett Palmer, who was the witness. Nothing about the context in which the statement was made suggests that Mr. Palmer was repeating a statement by an absent declarant rather than his own impressions about the relationship between Mr. Porter and Petitioner. Finally, nothing suggests that the United States intended that the reference to Mr. Porter be made in order to prove that Mr. Porter was, in fact, Petitioner's best friend. In short, the statement was not hearsay, and Petitioner's counsel's failure to object to it on that basis was not an error and cannot be the basis for relief under § 2255. See Reed, 2005 WL 1312270 at *6.

The most colorable of Petitioner's three bases for his § 2255 motion is his counsel's failure to object to the testimony by Starrett Palmer about "Ed", another alleged drug courier for Petitioner. Petitioner contends that the testimony in question suggested other similar acts of misconduct by Petitioner. His claim is, apparently, that the testimony was objectionable under Rule 404(b) of the Federal Rules of Evidence, as evidence of other crimes, wrongs, or acts.

Having considered the testimony in question, the Court agrees with Petitioner that the existence of "Ed" and his activities with Petitioner were not directly relevant to the charges against Petitioner. Moreover, testimony about Petitioner's involvement in unrelated, similar drug transactions was more prejudicial than probative and would, therefore, properly have been excluded under Rule 403 of the Federal Rules of Evidence.

On the other hand, the Court observes that, to the extent that the United States intended to introduce the evidence, its intention was not to prove Petitioner's bad character in order to show that he likely acted in conformity with it in committing the offenses in question. Rather, Mr. Palmer's testimony related to the reason for his willingness to testify against Petitioner: the fact that Petitioner had broken his promise not to abandon Mr. Palmer to law enforcement as he had

10

done to Ed. Accordingly, to the extent that the United States knew that Mr. Palmer would testify about Ed, it did not permit him to do so for the purpose of establishing Petitioner's character. Accordingly, the testimony was not introduced for a purpose prohibited by Rule 404(b).

The question, then, is whether Petitioner can establish that he is entitled to relief under § 2255 for the failure of his counsel to object under Rule 403 to evidence suggesting that he had been involved with drug transactions involving a second drug courier. The Court is convinced that he cannot.

Petitioner is entitled to relief only if he can establish a "reasonable probability" that, but for his counsel's failure to object to the testimony about "Ed", "the outcome of the proceedings would have been different." Campbell, 364 F.3d at 730. In Petitioner's case, the evidence supporting the conspiracy count and the cocaine possession count came largely from Starrett Palmer, Petitioner's admitted coconspirator. That evidence was overwhelming in detail and obviously persuaded the jury that Petitioner and Mr. Palmer were working together in transporting the drugs with which Mr. Palmer was found at the time of his arrest. To the extent that that evidence was bolstered in any sense by the testimony about "Ed", the effect was *de minimis* and not sufficient to establish a reasonable probability that the outcome of the trial would have been

different had Petitioner's counsel objected. See Strickland, 466 U.S. at 694. The insertion of the objectionable testimony does not undermine confidence in the outcome of the trial as having produced a just result. See id. at 686. See also Reed, 2005 WL 1312270 at *6-7; Campbell, 364 F.3d at 736; United States v. Bavers, 787 F.2d 1022, 1030 (6th Cir, 1985)(counsel's performance did not deprive defendant of an essentially fair trial especially in light of overwhelming evidence of his guilt). The Court concludes that Petitioner cannot establish the second prong of the applicable test under Strickland and that, accordingly, he is not entitled to relief under § 2255 to the extent that his counsel erred in not objecting to the testimony about "Ed" under Rule 403.[1]

The Court finds no merit in Petitioner's claim. His motion (Doc. 89) is, therefore, **DENIED** for the reasons stated herein.

    **IT IS THEREFORE ORDERED THAT**

1. Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED.**

---

[1] The Court observes that Petitioner has also argued that the cumulative effect of his trial counsel's errors was to deprive him of a fair trial in violation of the Sixth Amendment. The Court has concluded, however, that Petitioner has made just one colorable claim of error, precluding his assertion of a successful claim based upon cumulative effect.

2. A certificate of appealability will not issue with respect to Petitioner's claim for relief because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right remediable in this federal habeas corpus proceeding.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith and, therefore, denies any application by Petitioner to proceed *in forma pauperis* on appeal.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 954 (6th Cir. 1997).  Petitioner remains free to apply to the Court of Appeals for leave to proceed *in forma pauperis*.  See id.

                                                                                   /s/
                                    Sandra S. Beckwith, Chief Judge
                                    United States District Court